Livingston, J.,
delivered the opinion of the court. This is a motion to vacate a rule entered the last term, “ for changing the venue to Montgomery, unless the plaintiffs would undertake to give evidence material to the issue Arising in the city and county of New-York.” It is now said,- that the court committed an error in changing the *3 venue; because, there being matter of law and matter in pais, material to the issue, in different counties,-the plaintiff • might elect to lay his action in either; and that, in such cases, it cannot be changed, unless for urgent or particular reasons. This rule, when well understood, is a salutary one, but it does not apply to this case ; it means, that-when official acts are done by the defendants in several counties, some of which are matters of record, and others of fact, there the plaintiff has his election. Thus, in the case of Griffith v. Walker, 1 Wils. 386, which was an action against the sheriffs of Eadnorshire, for a false return to a scire facias, the venue of which was laid in Herefordshire, it was alleged, on demurrer, that the action ought to have been laid in Eadnor, because, whatever acts the sheriff does officially, must be done in his own county, or at least, the law supposes them done there; but the court said, the sheriff may endorse his writ anywhere; and, as it is alleged that he did this in Herefordshire, the plaintiff has his election to lay his action where he can prove the fact done. Here the return was matter of record, but it is not on that account merely that this election is given, but because the sheriff was the party who made that return, which was the gist of the suit. If this return had, afterwards, been filed (as was no doubt the case) in the office of the court of king’s bench, it would not have justified the laying of the venue in that *county. In the case before us, it is said that [*3] the judgment roll against the party who escaped, is filed in an office kept in the city and county of Hew-York, and, therefore, the venue cannot be changed. This judgment was no act of the sheriff’s, and, therefore, not like the case of a return made by him in a particular county. Nor is it the ground of this action, which is, emphatically, the escape from the gaol of Montgomery.
A principal reason for permitting a plaintiff to retain the venue where he has laid it, arises from the circumstance of ■ his having material witnesses there. This rule should not be abused by too much refinement. If the recovery against *4 the party who has escaped must bé given in evidence on the trial, it may be done by exemplification, which is the proper way; and this maybe carried'without expense to Montgomery. Bulwer's Case, in 7 Co. 1, only determines, and that on demurrer, that an action for maliciously outlawing the plaintiff might be laid in the county where the copias uilagatum was executed; and not necessarily in Middlesex, where the wrong was commenced by issuing the copias ad satisfaciendum. This decides nothing; for although the plaintiff may, in many cases, in the first instance, choose his venue,(a) it does not follow that the defendant shall not change it, or that the court would not, in that very case, have changed it, on the common affidavit. The case of Cameron v. Gray, in 6 Term Rep. 363, is subsequent to the revolution, nor can the facts be all disclosed. Lord Kenyon would hardly have said (and yet such is the effect of that decision) that all actions for infractions of patent rights are local, and must be tried at Westminster, solely because the patent, which is its substratum issued there. If this be his meaning, we are at liberty, considering the date of this case, to differ from his lordship; and it appears to us, with due deference, that the county in which the right of the patentee was invaded, was the proper theatre of trial; for there, and not elsewhere, the cause of action arose. So, in an action for an escape, unless particularly circumstanced, many reasons occur why a trial should be had in the county from which the prisoner fled. A sheriff ought not lightly to be called out of his county; the witnesses also must, generally speaking, be there; nor should a public officer be subject to the oppression and'expense of attending, with his witnesses, at a distance. Yet we are now called [*4] on, not only to sanction *this practice in one case, but to render it universal and permanent; of, in other words, to declare that every sheriff, however distant *5 he may reside, shall answer, in Albany or. Mew-York, for escapes, for no other reason than because the judgment or writ, on which the person was arrested, is to be found in one of those counties. It is astonishing that actions of this kind have ever been regarded as transitory: this, however, without any decision on the point,(a) appears to be the case. -Why they should be local, has already been suggested. Much vexation must be the consequence, if we decide (which will be the effect of a vacatur) this rule, that in no case shall a sheriff have a trial of this kind in his own county, because a judgment, which can be proved without the personal attendance of any one, has been rendered elsewhere. Actions of this nature are within the .reason of the “ act for the more easy pleading in certain suits rendering local certain suits against sheriffs and other public officers;’’ and it would be a good rule, in which I should heartily concur, to make all actions of this kind triable in the county to which the officer belongs, unless strong circumstances rendered it improper. Upon the whole, we are well satisfied with our decision at the last term. It was full as favor *6 able to the plaintiff as he had any reason-to expect, and ought not to be disturbed.

 See Gilbert v. Martin, 1 Lev. 114, 286, Mayor of Berwick v. Ewart, 1 Black. 1069.

 Motion to change the venue. Rolle, J., “ An escape in one place is an escape all England over, and not local.” Wright v. Martin, Styles, 107. See Platt x. Sheriffs of London, Plowd. 35.
See also Harris v. Wilson, 2 Wend. Rep. 627
A motion to change the venue must be made at the earliest practicable day, and in such season that, if it be denied, the plaintiff will not lose a trial in a county where the venue is laid; if made at a later term it will be denied for that cause; and ignorance of the practice on part of the defendant’s attorney will not excuse the delay. Moreland v. Sandford, 1 Denio, 660.
In an action against a public officer for acts done by him by virtue of hia office, the venue will be changed on his application to the county where the fact complained of happened; but if there be a dispute whether the action be or be not local, the motion will be disposed of upon the usual ground. Allen v. Forshay, 12 Wen. 217.
English and American decisions, as to change of venue, referred to, (1 Dunl Pr. 497 to 414.) 1 Cow. 48, n. a.
In general, costs are not granted upon denying motion to change the venue. Sill v. Trumbull, 1 Cow. 589.
But where the motion is denied, because the move" 8 papers are- defective, costs will be allowed. Ib.
See Hogan's N. Y. Digest, tit Escape and Venue.

 Who referred, to the following authorities: 7 Co. 1. Bulwer's Case, Cro. Eliz. 574. Wils. 336. Plowd. 37. b. Sty. 107. 2 Bl. Rep. 240. 2 I. & E. 238. Ibid. 275. 6 D. & E. 363.